IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MONTELL ALEXANDER BOWMAN, | Civil No. 24-00380 MWJS-WRP |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |
| vs. | |
| AMERICA GOVERNMENT, | |
| Defendant. | |

## **INTRODUCTION**

On September 9, 2024, pro se Plaintiff Montell Alexander Bowman filed a complaint against "America Government."  ECF No. 1.  Bowman also applied to proceed in forma pauperis (IFP), that is, without prepayment of fees or security.  ECF No. 2.  In considering such an application, the Court must screen the complaint.  For the reasons explained below, the Court DISMISSES the complaint without leave to amend and DENIES the IFP application as moot.

## DISCUSSION

**A.    Screening of Plaintiff's Complaint**

Because Plaintiff asks to proceed in forma pauperis, the Court must

screen his complaint.  28 U.S.C. § 1915(e)(2).  Plaintiff is a pro se litigant,

and so the Court liberally construes his pleadings.  *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012).  The Court is nonetheless required to

dismiss claims or complaints that are frivolous, malicious, fail to state a

claim for relief, or seek damages from defendants who are immune from

suit.  *See id.* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.

2000) (en banc).  And even when screening complaints under the in forma

pauperis statute, "a district court must first determine whether it has

jurisdiction before it can decide whether a complaint states a claim."  *Moore*

*v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 895 (9th Cir. 2011).

1.  Dismissal is required here because the complaint does not

sufficiently allege that the Court has subject matter jurisdiction over this

dispute.  Subject matter jurisdiction is a court's power to hear a case.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  Because federal courts have

limited power to hear cases, a plaintiff has the burden to establish that subject matter jurisdiction is proper.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Here, Plaintiff appears to suggest that the Court has subject matter jurisdiction because there is a federal question presented.  *See* ECF No. 1, at PageID.4.  Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil cases that implicate the Constitution or federal law.  Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Where an alleged claim "is wholly insubstantial and frivolous," there is no federal question jurisdiction.  *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).  Nor is jurisdiction conferred by "the mere reference of a federal statute in a pleading." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).

Plaintiff's complaint does not present a federal question.  It appears to assert that Plaintiff is a Central Intelligence Agency (CIA) officer, and it references a contract with the CIA and "the use of psychic technology."

ECF No. 1, at PageID.4.  The complaint also appears to allege that said technology broke laws and violated the Constitution.  *See id.* at PageID.6 ("[T]echnology recording laws broke and constitution broke and rights broke and freedoms broke . . . .").  But it is not clear from the face of the complaint which federal law or constitutional provision are at issue, if any.  The complaint does once mention the Freedom of Information Act (FOIA).  *Id.* at PageID.5.  But these allegations are "wholly insubstantial and frivolous."  *Bell*, 327 U.S. at 682-83.  Accordingly, Plaintiff has not met his burden to show that this Court has subject matter jurisdiction over his complaint.  On that basis, the complaint is DISMISSED.

2.   Generally, leave to amend should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  But where amendment would be futile, leave is appropriately denied.  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, even if Plaintiff were able to cure the complaint's jurisdictional deficiency, he would face other prohibitive barriers to relief.  For instance, the complaint names the "America Government" as the defendant.  But the

federal government enjoys sovereign immunity, which means it cannot be sued without its consent. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). Plaintiff does not identify—and the Court is not aware of—any waiver of that immunity that might apply to this case.

Moreover, even if Plaintiff named a proper defendant, the complaint would still fail to state a claim upon which relief can be granted. In evaluating whether a complaint fails to state a valid claim for screening purposes, courts generally apply the pleading standards in Rule 8 of the Federal Rules of Civil Procedure. *See Watison*, 668 F.3d at 1112; *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013). Under Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To show an entitlement to relief, however, it is not enough for a complaint to allege "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Plaintiff's complaint does not do so; to the contrary, its allegations amply meet the standard for factual

frivolousness.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding

of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible, whether or not there are

judicially noticeable facts available to contradict them.").  As such,

amendment of the complaint would be futile, and so leave to amend is

DENIED.

## B.    Plaintiffs' In Forma Pauperis Application

Because the complaint is dismissed without leave to amend, the

Court DENIES the IFP application as moot and does not decide the

application's sufficiency.  ECF No. 2.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiff's complaint

without leave to amend and DENIES his IFP application as moot.

//

//

//

//

IT IS SO ORDERED.

DATED:  October 11, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 24-00380 MWJS-WRP; *Montell Alexander Bowman v. America Government*; ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT

7